UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

RUBEN WILLS,

        Petitioner,

v.                                                Docket No. 1:24-cv-02764-BMC

ERIC T. SCHNEIDERMAN, ET AL,

        Respondent.
-----------------------------------------------------X

# DEFENDANT ERIC T. SCHNEIDERMAN'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS THE AMENDED COMPLAINT

                                                          **JUSTIN C BONUS**
                                                          **ATTORNEY AT LAW**
                                                           JUSTIN C. BONUS, ESQ.
                                                          118-35 Queens Blvd, Suite 400
                                                          Forest Hills, NY 11375
                                                          (347)920-0160
                                                          justin.bonus@gmail.com

                                                          *Attorney for Ruben Wills*

## PRELIMINARY STATEMENT

Ruben Wills has sufficiently pled that his civil rights were violated. For 4 years prior to Mr. Wills' arrest, Eric Schneiderman went on a campaign to harass and bend Ruben Wills into cooperating with the Attorney General's Office to protect Schneiderman from criminal prosecution and exposing Schneiderman's corruption both prior to and as a prosecutor and the policymaker of the Attorney General's Office. While the head of the office, Mr. Schneiderman effectively ran rouge and used his power to attack his perceived enemies.

As the Defendant must concede, no "reasonable prosecutor would view the acts challenged by the complaint as reasonably within the function of a prosecutor," when the policymaker in the office pursued an investigation wherein no crime was committed. *Giraldo v. Kessler*, 694 F.3d 161, 166 (2d Cir. 2012); *see* Amended Complaint ¶¶ 26, 30, 33, 41, 45. Schneiderman did so to stomp out political opponents like Mr. Wills who would not cooperate and had information about the Schneiderman's criminal activity in order to destroy his opponents' career and credibility. "In holding that the prosecutors were not entitled to absolute immunity, the Court stated that a prosecutor 'neither is, nor should consider himself to be, an advocate before he has probable cause to have anyone arrested.'" *Id*. (*quoting Buckley v. Fitzsimmons,* 509 U.S. 259, 274 (1993)). Here, Schneiderman did just that: he had no probable cause to continue his investigation of Wills, yet he did.

The amended complaint is clear, Schneiderman called the shots. He was intimately involved with the methods of investigation and the investigation itself. How could he not be, as he was involved with committing crimes and a smear campaign targeting any political foe that stood in his path. Amended Complaint ¶¶ 14-23. The complaint is clear, when Wills did not submit to Schneiderman's request to cooperate, Schneiderman used the office of the New York

State Attorney General to conduct a political witch hunt, conducting investigations into matters that had nothing to do with the criminal prosecution of Wills for what he ultimately was even charged for.

Indeed, the federal authorities, the New York City Campaign Finance Board and the Office for Family and Children's Services (herein referred to as "OCFS") all concluded that Wills had committed no crime. Amended Complaint ¶¶ 26, 33, 45. However, Schneiderman, using his office, went after Wills relentlessly from 2010 until 2014, when Wills was arrested.

These facts have been pled. Mr. Schneiderman acted outside of his role as an advocate for the State of New York. He was intimately involved in the "witch hunt" targeting Ruben Wills. As such, this Court should allow Mr. Wills' case to move forward into discover on all claims.

## ABSOLUTE IMMUNITY

The United States Supreme Court has made clear that prosecutors do not have absolute immunity from conduct done through investigative stages of a criminal case. Absolute prosecutorial immunity does not apply when a prosecutor is performing certain functions ancillary to the judicial process. *See Van Der Kamp v. Goldstein*, 129 S.Ct 855, 861 (2009). Absolute immunity may not apply when a prosecutor is not acting as "an officer of the court, but is instead engaged in other tasks, say investigative or administrative tasks." *Id*. (citations omitted)

This case presents such circumstances that outline actions that occurred prior to the prosecution that resulted in bias and deliberate indifference to the facts and evidence pointing to Rubin Wills' innocence. His guilt was based on Mr. Schneiderman's personal involvement in the investigation and presentation of falsehoods after a 4-year investigation. *See* Amended Complaint ¶¶ 14-23.

In short, as outlined by the amended complaint, this entire investigation and prosecution began to punish Rubin Wills for not cooperating with an investigation. Not because he committed any criminal act. *See* Amended Complaint ¶¶ 26, 33, 45. The investigation began and finished with tunnel vision and a tainted perspective, which was that Rubin Wills would be prosecuted at all cost, irrespective whether the evidence proved him to be guilty or innocent. The person who began and ended the investigation falsely accusing Rubin Wills was none other than Mr. Schneiderman and individuals he recruited to conduct said investigation.

Prosecutorial immunity doesn't extend to deliberate false investigations by prosecutors' designed to convict innocent men/women in retaliatory conduct as presented here. The prosecutor solicited false evidence to convict Mr. Wills and then created an environment where the falsehoods became evidence and the truth disappeared from the proceedings. Candor to the courts and fairness to the accused was not a part of the administrative or investigatory matters conducted by Mr. Schneiderman.

A prosecutor is not protected when he "acts without any colorable claim of authority," and thus, "proceeds in the clear absence of all jurisdiction." *Barr v. Adams*, 810 F.2d 358, 361 (2d Cir. 1987). No authority existed to charge Rubin Wills with crimes he did not commit and once discovery is permitted to proceed, the evidence will be flushed out to prove liability by Schneiderman as he investigated the case and caused false information and solicited falsehoods in order to retaliate against Mr. wills.

On the face of the Amended Complaint, Rubin Wills should be permitted to proceed on all of his claims.

## **QUALIFIED IMMUNITY**

Qualified immunity protects a public official from liability for conduct that "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 4576 US 800, 818 (1982). A court considering a defense of qualified immunity to a claim based on section 1983 "must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether the right was clearly established at the time of the alleged violation." *Wilson v. Layne, 526* U.S. 603, 609 (1999). In *Zahrey v. Coffey*, 221 F.3d 342 (2000), the Second Circuit Court of Appeals held that a subsequent immunized act of a single official did not break the chain of causation traceable to his initial misconduct occurring in another capacity. The right not to be deprived of liberty as a result of any government officer's fabrication of evidence was clearly established when defendant's alleged acts occurred. *Zahrey v. Coffey*, 221 F.3d at 353.

A defendant presenting an immunity defense on a Rule 12(b)(6) motion instead of a motion for summary judgment must accept the more stringent standard applicable to this procedural route. Not only must the facts supporting the defense appear on the face of the complaint, but, as with all Rule 12(b)(6) motions, the motion may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Citibank, N..A. v. K.H. Corp*, 968 F.2d 1489, 1494 (2d Cir. 1992. Thus, the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support the claim, but also those that defeat the immunity defense. (Zahrey, supra at 436).

Here, three governments entities, the federal government, the New York City Campaign Finance Board, and OCFS all concluded that Ruben Wills committed no crime. Yet, for 4 years, Eric Schneiderman piloted his own investigation without any probable cause that Mr. Wills committed a crime, invasively accessing records and withholding evidence in an effort to coerce

Mr. Wills into cooperating with Schneiderman's attempts to destroy his political opponents. This, ultimately, led to Mr. Wills' wrongful conviction. Mr. Schneiderman's actions are not protected by qualified immunity.

As such, Rubin Wills' amended complaint should be permitted to proceed on the basis of all his claims.

Dated: December 27, 2024  
Forest Hills, New York

Respectfully submitted,

JUSTIN C BONUS ATTORNEY AT LAW

_____*Justin Bonus*_____
Justin C. Bonus, Esq.
118-35 Queens Blvd, Suite 400
Forest Hills, NY 11375
347-920-0160
Justin.bonus@gmail.com

*Attorneys for Plaintiff*