UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| RUBEN WILLS, | Case No. 1:24-cv-02764 (BMC) |
| Plaintiff, | Hon. Brian M. Cogan |
| - against - | |
| ERIC T. SCHNEIDERMAN, et al., | |
| Defendants. | |

# DEFENDANT ERIC T. SCHNEIDERMAN'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO DISMISS THE AMENDED COMPLAINT

**MINTZ & GOLD LLP**
Peter Guirguis
Roger L. Stavis
Timothy J. Quill, Jr.
600 Third Avenue, 25th Floor
New York, New York 10016
Tel: (212) 696-4848
Fax: (212) 696-1231

*Attorneys for Defendant
Eric T. Schneiderman*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT ...........................................................................................................................2

    I.      Mr. Schneiderman is absolutely immune from Plaintiff's claims ..........................2

    II.     Mr. Schneiderman is entitled to qualified immunity for any alleged conduct for which he is not absolutely immune .......................................................5

    III.    Plaintiff's opposition does not refute that the Amended Complaint fails to state claims for malicious prosecution, abuse of process, and failure to intervene.................................................................................................................9

CONCLUSION........................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Anilao v. Spota*,
   27 F.4th 855 (2d Cir. 2022) ................................................................................................ 4, 5

*Ashcroft v. al-Kidd*,
   563 U.S. 731 (2011) ............................................................................................................ 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................ 6

*Barr v. Adams*,
   810 F.2d 358 (2d Cir. 1987) ................................................................................................ 4

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................................... 6, 7

*Bernard v. County of Suffolk*,
   356 F.3d 495 (2d Cir. 2004) ................................................................................................ 4

*City and County of San Francisco, Calif. v. Sheehan*,
   575 U.S. 600 (2015) ......................................................................................................... 7, 8

*Colon v. City of New York*,
   60 N.Y.2d 78 (1983) ......................................................................................................... 6, 8

*De Lourdes Torres v. Jones*,
   26 N.Y.3d 742 (N.Y. 2016) ................................................................................................. 8

*DiBlasio v. Novello*,
   344 F.3d 292 (2d Cir. 2003) ................................................................................................ 3

*Fiore v. Rivera,*
   No. 14-CV-3570 (JS) (GRB), 2015 WL 5007938 (E.D.N.Y. Aug. 20, 2015) .................. 5, 6

*Garcia v. Does*,
   779 F.3d 84 (2d. Cir. 2015) ............................................................................................. 8, 9

*Genzler v. Longanbach*,
   410 F.3d 630 (9th Cir. 2005) ............................................................................................... 3

*Giraldo v. Kessler*,
   694 F.3d 161 (2d Cir. 2012) ......................................................................................... 2, 3, 4

*Hadid v. City of New York*,
   730 Fed. Appx. 68 (2d Cir. 2018) ..................................................................................... 6, 9

*Jones v. Rivera*,
   Case No. 16 Civ. 4495 (BMC), 2017 WL 2389591 (E.D.N.Y. June 1, 2017) .......................... 7

*Lewis v. City of New York*,
   591 Fed. Appx. 21 (2d Cir. 2015) ........................................................................................... 6

*McClennon v. New York City*,
   No. 13-CV-128 (KAM) (SMG), 2018 WL 2943565 (E.D.N.Y. June 11, 2018) ....................... 6

*McDaniel v. City of New York*,
   585 F. Supp. 3d 503 (S.D.N.Y. 2022) .................................................................................. 6, 9

*Mullenix v. Luna*,
   577 U.S. 7 (2015) ..................................................................................................................... 7

*Ogunkoya v. Monaghan*,
   913 F.3d 64 (2d Cir. 2019) ...................................................................................................... 5

*Parisi v. Suffolk Cnty.*,
   No. 04-CV-2187 (ENV) (ETB), 2009 WL 4405488 (E.D.N.Y. Nov. 30, 2009) ...................... 7

*Rothstein v. Carriere*,
   373 F.3d 275 (2d Cir. 2004) .................................................................................................... 6

*Savino v. City of New York*,
   331 F.3d 63 (2d Cir. 2003) ................................................................................................... 5, 7

*Shmueli v. City of New York*,
   424 F.3d 231 (2d Cir. 2005) ............................................................................................ 3, 4, 5

*Smith-Hunter v. Harvey*,
   95 N.Y.2d 191 (2000) .............................................................................................................. 9

*Stukes v. City of New York*,
   No. 13-CV-6166 (NGG) (VVP), 2015 WL 1246542 (E.D.N.Y. Mar. 17, 2015) .................. 6, 9

*Van de Kamp v. Goldstein*,
   555 U.S. 335 (2009) ............................................................................................................. 2, 3

*Vann v. City of Rochester*,
   No. 6:18-cv-06464 (MAT), 2019 WL 2646616 (W.D.N.Y. June 27, 2019) ............................ 3

*Zahrey v. Coffey*,
   221 F.3d 342 (2d Cir. 2000) ................................................................................................ 7, 8

**Statutes**

N.Y. Exec. Law § 63 ......................................................................................................................... 4

**<u>Rules</u>**

Rule 12(b)(6) of the Federal Rules of Civil Procedure............................................................ 9, 10

**PRELIMINARY STATEMENT**

Mr. Schneiderman's initial moving brief (ECF No. 28-1) ("Def. Br.") establishes that Plaintiff's claims should be dismissed because (1) Mr. Schneiderman is protected by absolute prosecutorial immunity; (2) at a minimum, Mr. Schneiderman's conduct is covered by qualified immunity; and (3) the Amended Complaint fails to allege facts sufficient to support Plaintiff's claims for malicious prosecution, abuse of process, and failure to intervene.

As Plaintiff's Amended Complaint (ECF No. 26) ("AC") lacks the factual allegations necessary to state his claims, so too his brief in opposition (ECF No. 33) ("Opp.") lacks the substance necessary to support his claims. Instead of responding to Mr. Schneiderman's arguments for dismissal, Plaintiff simply repeats conclusory allegations in his Amended Complaint. Instead of addressing the precedent establishing that Mr. Schneiderman is entitled to absolute immunity, Plaintiff cites allegations of Mr. Schneiderman's supposed retaliatory intent that are irrelevant to the absolute immunity question. And instead of articulating facts to rebut the presumption of probable cause that justifies Mr. Schneiderman's entitlement to the qualified immunity defense, Plaintiff misstates the standard of that defense in a way that, if accepted, would render the defense inapplicable in every conceivable case.

Plaintiff's opposition is a polemic. He describes the prosecution against him as a "political witch hunt" and contends there is no basis to believe that a crime was committed. *See* Opp. at 2, 3. But the prosecution of Plaintiff was far from a witch hunt. Indeed, the Amended Complaint does not contest that Plaintiff accepted the public funds upon which the charges against him are based. Plaintiff simply alleges that he had a good faith defense that he appropriated the funds "mistakenly" as "reimbursement for expenses." *See* AC ¶ 12. And the Appellate Division reversed Plaintiff's conviction—not because he proved himself to be

1

innocent—but because the trial court erred in not allowing him to present all the witnesses that would testify in support of his good faith defense. *See id.* Contrary to Plaintiff's argument, it is not "false evidence" for a prosecutor to conclude that he does not believe a criminal defendant's assertion of a good faith defense. *See* Opp. at 4.

To that end, Plaintiff's contention that no reasonable prosecutor would pursue an investigation where no crime was committed, *see* Opp. at 2, simply ignores both the facts alleged in the Amended Complaint and the principle that probable cause does not always result in a conviction. And just because a criminal defendant's conviction was subsequently overturned does not *a fortiori* mean that the prosecutor acted unreasonably or violated a constitutional right in pursuing charges. Indeed, where probable cause exists, as it did here, a prosecutor's decision to pursue a conviction, even if unsuccessful, does not justify a claim under § 1983.

In short, the claims against Mr. Schneiderman should be dismissed.

## **ARGUMENT**

### **I. Mr. Schneiderman is absolutely immune from Plaintiff's claims.**

Mr. Schneiderman is entitled to absolute immunity in this case and the arguments in Plaintiff's opposition fail to suggest otherwise.

Plaintiff argues that prosecutors do not have absolute immunity for non-advocatory conduct, such as certain "investigative or administrative tasks." *See* Opp. at 3 (quoting *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009)). True, but when prosecutors engage in investigative acts that are "reasonably related to decisions whether or not to begin or to carry on a particular criminal prosecution," absolute immunity applies. *Giraldo v. Kessler*, 694 F.3d 161, 166 (2d Cir. 2012). Indeed, "[n]ot every interview, interrogation, or other act by a prosecutor with the potential of revealing new information" is outside the protection of absolute immunity.

2

*Id.* Further, the timing of a prosecutor's conduct is not necessarily determinative of whether it is shielded by absolute immunity. *See Vann v. City of Rochester*, No. 6:18-cv-06464 (MAT), 2019 WL 2646616, at *3 (W.D.N.Y. June 27, 2019) (citing *DiBlasio v. Novello*, 344 F.3d 292, 300-01 (2d Cir. 2003) and *Genzler v. Longanbach*, 410 F.3d 630, 640 (9th Cir. 2005)).[1]

Further, as Mr. Schneiderman explained in his moving brief, the conduct Plaintiff alleges in the Amended Complaint—including issuing subpoenas, obtaining a search warrant, taking depositions, offering to forego prosecution in exchange for cooperation, grand jury presentation, and determining what evidence must be disclosed—all falls within a prosecutor's advocatory function. *See* Def. Br. at 10-14. Plaintiff does not cite any case law to argue otherwise. In fact, in *Van de Kamp*, which Plaintiff ostensibly cites to oppose Mr. Schneiderman's absolute immunity defense, *see* Opp. at 3, the Supreme Court held that a prosecutor was protected by absolute immunity for allegedly failing to establish, manage, and maintain an information system about informants. *See Van de Kamp*, 555 U.S. at 344, 348-49. That absolutely immune work is far more "administrative" and less advocatory than the conduct Plaintiff alleges Mr. Schneiderman engaged in here.

Plaintiff argues that "prosecutorial immunity doesn't extend to deliberate false investigations by prosecutors' [*sic*] designed to convict innocent men/women in retaliatory conduct as presented here." *See* Opp. at 4. But, as the case law Mr. Schneiderman cited in his moving brief establishes, alleged retaliatory intent does not negate absolute immunity. *See* Def. Br. at 9-10 (citing *Giraldo v. Kessler*, 694 F.3d at 166; *Shmueli v. City of New York*, 424 F.3d

---

[1] Even if the timing of such conduct were dispositive, neither the Amended Complaint nor Plaintiff's opposition proposes a specific event or date that the Court should use to distinguish alleged investigative conduct from alleged advocatory conduct. Plaintiff argues that this case involves actions that occurred "prior to the prosecution[.]" Opp. at 3. But this generic phrase is not helpful because the prosecution is not limited to conduct at trial or even in the courtroom. *See Giraldo* at 166.

3

231, 237 (2d Cir. 2005); *Bernard v. County of Suffolk*, 356 F.3d 495, 503-05 (2d Cir. 2004)). Thus, for purposes of determining whether absolute immunity applies, Plaintiff's argument that Mr. Schneiderman presented "falsehoods," "solicited false evidence," and "created an environment where the falsehoods became evidence" are irrelevant. *See* Opp. at 3, 4.[2]

Moreover, contrary to Plaintiff's contention, the Amended Complaint does not allege any facts suggesting that Mr. Schneiderman "act[ed] without any colorable claim of authority" or "proceed[ed] in the clear absence of all jurisdiction." *See* Opp. at 4 (quoting *Barr v. Adams*, 810 F.2d 358, 361 (2d Cir. 1987)). A prosecutor's actions exceed his authority or are without jurisdiction only in rare circumstances where, for example, the prosecutor seeks to convict the plaintiff under a statute the prosecutor is not authorized to invoke. *See, e.g.*, *Anilao v. Spota*, 27 F.4th 855, 864 (2d Cir. 2022) ("'In considering whether a given prosecution was clearly beyond the scope of that jurisdiction, or whether instead there was at least a colorable claim of authority, . . . we inquire whether' any relevant criminal statute exists that 'may have authorized prosecution for the charged conduct.'") (quoting *Shmueli*, 424 F.3d at 237). That is not the case here, where Plaintiff does not—nor could he plausibly—allege that the New York State Attorney General lacks the authority or jurisdiction to prosecute alleged crimes under New York law. *See, e.g.*, N.Y. Exec. Law § 63. Indeed, courts should not "'equate[] an allegedly improper

---

[2] And in any event, despite Plaintiff's argument that Mr. Schneiderman solicited and presented false evidence, *see* Opp. at 4, there is no such allegation in the Amended Complaint. Plaintiff cites paragraphs 14-23, 26, 33, and 45 of the Amended Complaint, ostensibly to support his argument, *see* Opp. at 3-4, but those paragraphs do not reference fabricated or false evidence. The closest those paragraphs come to alleging any falsity is the allegation that the AG's office's "trial strategy was tailored to overcome the exculpatory content" of recorded conversations between former Senator Huntley and Plaintiff, and that the AG's office presented "only seemingly inculpatory evidence" to the grand jury while knowing federal authorities concluded Plaintiff did not break any laws. *See* AC ¶¶ 22, 26. But developing a strategy to overcome arguably exculpatory evidence does not amount to falsity and further, as discussed in Section II, *infra*, a prosecutor is not obligated to present all exculpatory evidence to the grand jury.

4

prosecutorial state of mind with a lack of prosecutorial jurisdiction.'" *Anilao*, 27 F.4th at 866 (quoting *Shmueli* at 235). A New York prosecutor's jurisdiction to prosecute "'depend[s] on the authority conferred by the New York statutes'—no more, no less." *Id.* at 866-67 (quoting *Shmueli* at 238).

Finally, the Court should reject any argument that absolute immunity should not apply merely because Plaintiff claims that the federal authorities, New York City Campaign Finance Board, and Office for Children and Family Services concluded Plaintiff committed no crime. *See* Opp. at 3. A prosecutor does not lose absolute immunity merely because he decides to file charges where other prosecuting entities do not; such a decision is within his prosecutorial discretion. *See Ogunkoya v. Monaghan*, 913 F.3d 64, 71 (2d Cir. 2019). In sum, the claims against Mr. Schneiderman are barred by his absolute prosecutorial immunity.

## II. Mr. Schneiderman is entitled to qualified immunity for any alleged conduct for which he is not absolutely immune.

Plaintiff fails to identify any alleged facts in the Amended Complaint that refute the existence of probable cause underlying his conviction. His failure demonstrates that there was at least arguable probable cause to support Mr. Schneiderman's decision to prosecute. As such, Mr. Schneiderman is entitled to qualified immunity for any alleged conduct that the Court may find is not covered by absolute immunity.

The Amended Complaint concedes that Plaintiff was indicted by a grand jury. *See* AC ¶ 10. This "creates a presumption of probable cause." *Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir. 2003); *Fiore v. Rivera*, No. 14-CV-3570 (JS) (GRB), 2015 WL 5007938, at *6 (E.D.N.Y. Aug. 20, 2015). To rebut that presumption, Plaintiff must allege facts establishing that the indictment was procured by fraud, perjury, the suppression of evidence, or other misconduct undertaken in bad faith that undermines the propriety of the grand jury proceeding. *See Fiore*,

5

2015 WL 5007938, at *6. Indeed, Plaintiff must "establish what occurred in the grand jury, and . . . that those circumstances warrant a finding of misconduct sufficient to erode the 'premise that the Grand Jury acts judicially.'" *Rothstein v. Carriere*, 373 F.3d 275, 284 (2d Cir. 2004) (quoting *Colon v. City of New York*, 60 N.Y.2d 78, 82 (1983))*; McClennon v. New York City*, No. 13-CV-128 (KAM) (SMG), 2018 WL 2943565, at *17 (E.D.N.Y. June 11, 2018).

Plaintiff fails to allege any facts suggesting fraud, perjury, or fabricated evidence. As noted in footnote 2, *supra*, the Amended Complaint does not contain any specific allegations of fabricated evidence or false testimony before the grand jury that could rebut the presumption of probable cause. Instead, Plaintiff argues in conclusory fashion that there was no probable cause. *See* Opp. at 2, 5. But to overcome the probable cause presumption, allegations must "allow a court to draw the reasonable inference that the grand jury's indictment was a result of fraud or other misconduct." *Lewis v. City of New York*, 591 Fed. Appx. 21, 22 (2d Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)); *see Hadid v. City of New York*, 730 Fed. Appx. 68, 71 n.1 (2d Cir. 2018) ("We have routinely affirmed dismissals of malicious prosecution claims at the pleading stage where the plaintiff has failed to allege facts sufficient to rebut the presumption of probable cause flowing from a grand jury indictment"); *McDaniel v. City of New York*, 585 F. Supp. 3d 503, 518-19 (S.D.N.Y. 2022) (dismissing malicious prosecution claim where plaintiff failed to allege sufficient facts to overcome presumption of probable cause based on indictment); *Stukes v. City of New York*, No. 13-CV-6166 (NGG) (VVP), 2015 WL 1246542, at *6 (E.D.N.Y. Mar. 17, 2015) ("Although [p]laintiff attempts to rebut the presumption of probable cause by alleging that the A.D.A. presented 'false-facts' to the grand jury, and that [d]efendants failed to turn over 'exculpatory evidence . . . for presentation to the grand jury,' these conclusory statements fail to overcome the presumption of probable cause.") (citing *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). Here, Plaintiff's conclusory arguments that Mr. Schneiderman caused "false information" and "solicited falsehoods," *see* Opp. at 4, without identifying any specific allegations of such falsity in the Amended Complaint, do not meet that standard.

Further, although Plaintiff alleges that the Attorney General's Office presented "only seemingly inculpatory evidence" to the grand jury, *see* AC ¶ 26, a prosecutor is not required to present all exculpatory evidence to the grand jury and not doing so does not constitute bad faith sufficient to rebut probable cause. *See Parisi v. Suffolk Cnty.*, No. 04-CV-2187 (ENV) (ETB), 2009 WL 4405488, at *10 (E.D.N.Y. Nov. 30, 2009) ("The simple act of not disclosing to the grand jury all evidence that could potentially benefit the accused at a grand jury hearing does not necessarily rise to the level of bad faith."); *see also Savino*, 331 F.3d at 75 (law enforcement authorities are "under no duty to present every item of arguably exculpatory evidence in seeking an indictment").[3] And even if the attorney general were required to do so under the law (which he is not), at a minimum that law is not clearly established as would be required to deny Mr. Schneiderman qualified immunity.[4]

---

[3] Even this allegation is contradicted by Plaintiff's concession in the Amended Complaint that exculpatory testimony from Rasheeda Smith was presented to the grand jury. *See* AC ¶ 100.

[4] Plaintiff argues, correctly, that an official is not entitled to qualified immunity if his actions violated "clearly established" law. *See* Opp. at 5. But Plaintiff's interpretation of what clearly established law Mr. Schneiderman allegedly violated is far too broad. The Supreme Court has "'repeatedly told courts . . . not to define clearly established law at a high level of generality.'" *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). Rather, "'the dispositive question is whether the violative nature of *particular* conduct is clearly established . . . in light of the specific context of the case, not as a broad general proposition.'" *Jones v. Rivera*, Case No. 16 Civ. 4495 (BMC), 2017 WL 2389591, at *4 (E.D.N.Y. June 1, 2017) (quoting *Mullenix*, 577 U.S. at 12) (emphasis in original). Plaintiff argues that qualified immunity hinges on whether it is clearly established law that one has a "right not to be deprived of liberty as a result of any government officer's misconduct." *See* Opp. at 5 (citing *Zahrey v. Coffey*, 221 F.3d 342, 353 (2d Cir. 2000)). But under Plaintiff's broad formulation of the question—whether it is clearly established law that a person should not be deprived of liberty based upon any misconduct—no official would ever be entitled to qualified immunity for an alleged violation of a plaintiff's constitutional rights. That simply is not the proper standard. *See City and County of San*

Even assuming, for the sake of argument, that Mr. Schneiderman knew of Plaintiff's proffered good faith defense to the charges against him—*i.e.*, that Plaintiff mistakenly appropriated the money as reimbursement for expenses—that still does not make Mr. Schneiderman's continued prosecution of Plaintiff objectively unreasonable such that Mr. Schneiderman loses qualified immunity. A plaintiff generally cannot rebut the indictment-based probable cause presumption merely with evidence suggesting "the authorities acquired information that, depending on the inference one might choose to draw, might have fallen somewhat shy of establishing probable cause." *De Lourdes Torres v. Jones*, 26 N.Y.3d 742, 761 (N.Y. 2016) (citing *Colon*, 60 N.Y.2d at 83). To that end, as noted in Section I, *supra*, just because three other government entities chose not to charge Plaintiff does *not* mean that it was objectively unreasonable for Mr. Schneiderman to conclude there existed probable cause to pursue a conviction. *See* Opp. at 5. Evidence of a criminal defendant's state of mind can be interpreted in multiple ways and lead to different conclusions. The presumption of probable cause established by the grand jury indictment confirms the reasonableness of Mr. Schneiderman's conclusions.

Because Plaintiff does not rebut the presumption of probable cause, it was objectively reasonable for Mr. Schneiderman to conclude that Plaintiff had committed a crime and for Mr. Schneiderman to pursue a conviction. As such, Mr. Schneiderman is entitled to qualified immunity. Accordingly, the Amended Complaint should be dismissed. *See, e.g.*, *Garcia v. Does*,

---

*Francisco, Calif. v. Sheehan*, 575 U.S. 600, 613 (2015) ("Qualified immunity is no immunity at all if 'clearly established' law can simply be defined as the right to be free from unreasonable searches and seizures."); *Zahrey*, 221 F.3d at 348-49 ("If the right is identified at a high level of generality, such as the right not to be deprived of liberty without due process of law, the concept of qualified immunity would become meaningless because every government officer is reasonably aware of a right defined that broadly.").

779 F.3d 84, 97 (2d. Cir. 2015) (dismissing plaintiff's claims at pleading stage because defendant's qualified immunity was established by facts alleged in the complaint).

### III. Plaintiff's opposition does not refute that the Amended Complaint fails to state claims for malicious prosecution, abuse of process, and failure to intervene.

Even aside from the applicable immunity defenses discussed *supra*, Plaintiff does not respond to Mr. Schneiderman's argument that the existence of probable cause to prosecute, as validated by the grand jury indictment, means Plaintiff cannot establish the essential elements of his malicious prosecution claim. *See* Def. Br. at 22-23.

The absence of probable cause is an essential element of a malicious prosecution claim. *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 195 (2000). Plaintiff's failure to allege specific facts rebutting the presumption of probable cause resulting from Plaintiff's indictment therefore warrants dismissal. *See Hadid*, 730 Fed. Appx. at 71-72 (affirming dismissal of malicious prosecution claim because grand jury indictment, referenced in complaint, created presumption of probable cause and plaintiff failed to allege facts rebutting presumption); *McDaniel*, 585 F. Supp. 3d at 518; *Stukes*, 2015 WL 1246542, at *6.

Finally, as Mr. Schneiderman established in his moving brief, the Amended Complaint also fails to allege facts sufficient to state claims for abuse of process and failure to intervene. *See* Def. Br. at 23-24. Plaintiff does not respond to these arguments. Indeed, Plaintiff's opposition does not even mention those two claims. Accordingly, Plaintiff's claims for abuse of process and failure to intervene should be dismissed on this basis as well.

## CONCLUSION

For all the foregoing reasons and those set forth in Mr. Schneiderman's initial moving brief, Mr. Schneiderman respectfully requests that the Court enter an Order, pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure, dismissing, with prejudice, the Amended Complaint.

Dated: New York, New York
January 15, 2025

Respectfully submitted,

MINTZ & GOLD LLP

By: */s/ Peter Guirguis*
Peter Guirguis
Roger L. Stavis
Timothy J. Quill, Jr.
600 Third Avenue, 25th Floor
New York, New York 10016
Tel: (212) 696-4848
Fax: (212) 696-1231
guirguis@mintzandgold.com
stavis@mintzandgold.com
quill@mintzandgold.com

*Attorneys for Defendant
Eric T. Schneiderman*

cc (via ECF): All counsel of record