```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  RUBEN WILLS,                                              :
                                                            :
                               Plaintiff,                   :    MEMORANDUM DECISION
                                                            :    AND ORDER
                  - against -                               :
                                                            :    24-cv-2764 (BMC)
                                                            :
  ERIC T. SCHNEIDERMAN, and JOHN                            :
  AND JANE DOE 1 THROUGH 10,                                :
  individually and in their official capacities,            :
                                                            :
                               Defendants.                  :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff Ruben Wills, a former New York City Council member, alleges that former New York State Attorney General Eric Schneiderman, because of Wills' refusal to assist Schneiderman in mounting a case against a political rival, investigated and prosecuted him for crimes Schneiderman knew Wills had not committed. Wills thus brings one claim for malicious prosecution and abuse of process and one claim for failure to intervene against Schneiderman in his individual capacity.[1] This case is before the Court on Schneiderman's motion to dismiss.

## BACKGROUND

When Wills was a City Council member and Schneiderman was the New York State Attorney General, Wills was indicted on one count of scheme to defraud, two counts of grand larceny, and three counts of offering a false instrument for filing. These charges were based on two separate alleged instances of Wills misappropriating public money. In the first instance, Wills allegedly failed to return matching funds awarded to him in connection with a City Council campaign. In the second, Wills allegedly used money granted to a nonprofit, NY4Life, for his

---

[1] Wills has withdrawn all other claims.

own personal use. Wills was convicted on all charges except one of the false instrument counts, and was sentenced to two to six years in prison.

After Wills was released from prison, the Second Department Appellate Division reversed his conviction, finding that the trial court erred in not allowing him to call witnesses that would have testified that he mistakenly, but in good faith, misappropriated the money at issue. People v Wills, 186 A.D.3d 1416, 130 N.Y.S.3d 93 (2nd Dep't 2020). The New York State Attorney General's office, by then under the leadership of Attorney General Letitia James, declined to retry Wills and dismissed the case against him.

According to Wills, Schneiderman maliciously prosecuted him and abused legal processes: Schneiderman investigated and prosecuted Wills because he refused to cooperate with Schneiderman's attempts to attack other politicians, and because Wills knew that Schneiderman had assaulted a woman, which was not public knowledge. Wills alleges that these factors motivated Schneiderman to (1) withhold exculpatory evidence from Wills, including a tape recording that would have "exonerated" him; (2) go to a grand jury and obtain an indictment against Wills after he represented that he would not cooperate with Schneiderman against other political figures; (3) present only inculpatory information and selectively prosecute Wills before the grand jury, knowing Wills had not committed any crimes; (4) fail to conduct a complete investigation prior to prosecuting Wills; (5) "repeatedly subpoena documents relating to Wills including confidential Family Court files beginning as early as 2006, with no reason provided for subpoenaing those documents;" and (6) subpoena his personal email account, "which contained numerous privileged attorney-client communications," and use those communications before the grand jury. As more evidence of Schneiderman's animus, Wills points to an advertisement Schneiderman ran for his reelection, which "featured Wills being handcuffed and taken into

custody and which quoted Schneiderman describing Wills as being 'as low as you can go,'" as well as Schneiderman's reelection website, which described Wills as a "corrupt official."

As the basis for Wills' failure to intervene claim, he alleges that Schneiderman witnessed his subordinates commit the conduct discussed above to target Wills in an unlawful investigation, that Schneiderman "had an opportunity [to] prevent such conduct, had a duty to intervene and prevent such conduct," and that Schneiderman failed to intervene to prevent it.

Schneiderman moves to dismiss the amended complaint based on absolute immunity, qualified immunity, and Wills' failure to state a claim.

## LEGAL STANDARD

"Courts may grant a Rule 12(b)(6) motion to dismiss on grounds of absolute immunity where the facts establishing the defense appear in the complaint." Moye v. City of New York, No. 11-cv-316, 2012 WL 2569085, at *4 (S.D.N.Y. July 3, 2012). "Moreover, district courts are encouraged to determine the applicability of an absolute immunity defense at the earliest appropriate stage . . . preferably before discovery" and "before assessing whether a plaintiff has sufficiently alleged a constitutional violation." Id. at *4 & n.3 (citations omitted).

To survive a motion to dismiss for failure to state a claim, a complaint must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). In reviewing a motion to dismiss, "a court must accept as true all [factual] allegations contained in a complaint" but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted).

## DISCUSSION

Prosecutors are entitled to absolute immunity for acts taken in their advocatory role, but they are not entitled to absolute immunity for investigatory or administrative actions. Advocatory actions that are shielded by absolute immunity are "acts undertaken by a prosecutor preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [a prosecutor's] role as an advocate for the State." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Actions "normally performed by a detective or police officer," on the other hand, are only entitled to qualified immunity. Id. (quotation omitted). So if, for example, "a prosecutor plans and executes a raid on a suspected weapons cache, he has no greater claim to complete immunity than activities of police officers allegedly acting under his direction." Id. at 274 (internal quotation marks and quotation omitted). In determining whether prosecutors are entitled to absolute immunity, courts must "focus[ ] on the conduct for which the immunity is claimed, not on the harm that the conduct may have caused or the question whether it was lawful." Id. at 271.

"Analysis of a claim of immunity requires [courts] to view the relevant circumstances as would a reasonable official in the claimant's position." Giraldo v. Kessler, 694 F.3d 161, 165 (2d Cir. 2012) (footnote and citations omitted). Courts must thus determine "whether a reasonable prosecutor would view the [challenged] acts as reasonably within the functions of a prosecutor. If the generic acts are within those functions, absolute immunity applies . . . even in the face of . . . allegations of malicious or corrupt intent. . . . Otherwise, the absolute immunity would not be absolute." Id. (citation omitted).

Wills' amended complaint details actions that were clearly within the functions of a prosecutor. All of Wills' allegations about Schneiderman's use or abuse of the grand jury are entitled to absolute immunity. See Giraldo, 694 F.3d at 165 (deciding to present a case to a

4

grand jury is shielded by absolute immunity (quoting Imbler, 424 U.S. at 431 n.33)); Shmueli v. City of New York, 424 F.3d 231, 237, 239 (2d Cir. 2005) (absolute immunity applies regardless of "the motive for and reasonableness of official action," including if a commencement or continuation of a prosecution is done "for purposes of retaliation . . . or for purely political reasons" or "despite knowing that the charges against [the defendant] were false and that [the defendant] was innocent" (quotation and citations omitted)).  So are Wills' allegations that Schneiderman withheld exculpatory evidence, failed to conduct a complete investigation, and his allegations about subpoenas and search warrants issued after a grand jury was convened.  See id. at 237 ("A prosecutor is . . . entitled to absolute immunity despite allegations of . . . the 'deliberate withholding of exculpatory information.'" (quoting Imbler v. Pachtman, 424 U.S. 409, 431 n.34 (1976)); Crews v. Cnty. of Nassau, No. 06-cv-2610, 2007 WL 4591325, at *14 (E.D.N.Y. Dec. 27, 2007) (Prosecutors "are entitled to absolute immunity for any failure to investigate [a criminal defendant's proposed defenses] at the behest of his attorney or otherwise."); Bertuglia v. City of New York, 133 F. Supp. 3d 608, 645 (S.D.N.Y. 2015), aff'd sub nom. Bertuglia v. Schaffler, 672 F. App'x 96 (2d Cir. 2016) (prosecutors' "actions . . . in issuing subpoenas after the grand jury investigations were opened are entitled to absolute immunity" (citation omitted)).

    The only actions alleged in the amended complaint that are not shielded by absolute immunity are Schneiderman's direction of "his subordinates to repeatedly subpoena documents relating to Wills" before a grand jury was impaneled and Schneiderman's disparagement of Wills in his reelection materials.  See Bertuglia v. City of New York, 839 F. Supp. 2d 703, 731-32 (2012) ("Whether the ADA defendants already had made the decision to seek an indictment when they issued the first subpoenas . . . and could therefore be considered to be preparing to

present their case to the grand jury and initiate a prosecution, rather than investigating whether any criminality existed, is a factual dispute that cannot be resolved on this motion."); Smith v. Garretto, 147 F.3d 91, 95 (2d Cir. 1998) ("[A] prosecutor's statements to the press are not shielded by absolute immunity." (citations omitted)).

Considering these two actions that are "not subject to absolute immunity," Peterson v. Tomaselli, 469 F. Supp. 2d 146, 166 (S.D.N.Y. 2007), neither of them can be said to have caused the first constitutional violation Wills complains of: malicious prosecution. To state a claim for malicious prosecution, a plaintiff must allege "that the defendant's action was a proximate cause of the plaintiff's injury." Gierlinger v. Gleason, 160 F.3d 858, 872 (2d Cir. 1998) (citations omitted). Wills does not allege that Schneiderman's public disparagement of Wills or his issuance of subpoenas against him before a grand jury was impaneled caused him to be prosecuted without probable cause. Because Wills fails to connect Schneiderman's actions to his alleged malicious prosecution, this claim fails.

Wills' second claim, for abuse of process, also cannot survive. An abuse of process claim requires a plaintiff to allege that a prosecutor "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act, (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." Savino v. City of New York, 331 F.3d 63, 70 (2d Cir. 2003) (cleaned up). The only legal process alleged in Wills' amended complaint not protected by absolute immunity is the Attorney General's office's issuance of subpoenas before convening a grand jury. Wills alleges that Schneiderman used the subpoenas "as a tool to harass and attempt to intimidate" Wills. But "even assuming the subpoena[s] . . . were issued to abuse and harass . . . a malicious motive alone does not give rise to a cause of action for abuse of process." O'Brien

6

v. Alexander, 898 F. Supp. 162, 168 (S.D.N.Y. 1995), aff'd, 101 F.3d 1479 (2d Cir. 1996) (cleaned up).  "Rather, the plaintiff must allege . . . the misuse of process after [the subpoena] was issued."  Id.  The only misuse of a subpoena Wills identifies is the use of information subpoenaed from his personal email account.  But this occurred after a grand jury was convened, and is thus entitled to absolute immunity.  Given that the amended complaint contains no allegations about misuse of any subpoenas that were issued before the grand jury was convened, Wills does not adequately allege the constitutional violation of abuse of process, entitling Schneiderman to qualified immunity on this claim.

Finally, to prevail on his failure to intervene claim, Wills needed to have alleged that Schneiderman "(1) . . . had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in [his] position would know that [plaintiff's] rights were being violated; and (3) [Schneiderman did] not take reasonable steps to intervene."  Crespo v. City of New York, No. 22-cv-2693, 2025 WL 1311035, at *8 (E.D.N.Y. May 6, 2025) (quoting Jackson v. City of New York, 939 F. Supp. 2d 219, 231-32 (E.D.N.Y. 2013)).  Because Wills has not adequately alleged that any of his constitutional rights were violated, his failure to intervene claim also fails.

## CONCLUSION

For the foregoing reasons, the Court grants Schneiderman's motion to dismiss.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
      August 14, 2025